UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| TIFFANIE PIASECKI,<br>Plaintiff,<br><br>vs.<br><br>WILLIAMS & FUDGE, INC., and DOES 1 to 10, inclusive,<br>Defendants. | CASE NO.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Tiffanie Piasecki, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES

2. Plaintiff Tiffanie Piasecki (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Lee County, in the state of Florida.

3. Defendant, Williams & Fudge, Inc. (hereinafter "Defendant") is a debt collection agency and company engaged in the business of collecting debt in this state with its principal place of business located in York County, in the state of South Carolina.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## VENUE AND JURISDICTION

6. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in District proper in that the Defendant transacts business here and the conduct complained of occurred.

## FACTUAL ALLEGATIONS

Case background:

7. Sometime before February 20, 2014, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

9. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

10. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection call(s) to Plaintiff prior to February 20, 2014; seeking and demanding payment for an alleged consumer debt owed under an account number.

11. Defendant, within one year prior to the filing of this complaint, spoke to Plaintiff and threatened to sue her, garnish her wages itself, and file criminal charges against her itself if Plaintiff would not make immediate payment on her alleged debt, when Defendant did not have the present ability to do any of those things itself nor could it.  Said threats by Defendant were

false and misleading statements. Defendant demanded such immediate payment within thirty days of its initial communication with Plaintiff, without also telling her that she still could dispute and/or seek validation of the alleged debt; thereby overshadowing her rights under the FDCPA. The above-detailed conduct by Defendant was in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692d, § 1692e, § 1692e(5), § 1692e(10), § 1692f, and § 1692g(b). These were communication(s), as defined under 15 U.S.C. § 1692a(2).

12. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which this alleged debt was collected by this Defendant.

13. Plaintiff suffered actual damages as a result of the illegal collection communication(s) by this Defendant in the form of emotional distress, and upset, amongst other negative emotions.

14. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

### CLAIM FOR RELIEF

### AND SUPPORTING FACTUAL ALLEGATIONS

15. Plaintiff repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

16. Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited

to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable costs and attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA; in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Punitive damages.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Tiffanie Piasecki, demands trial by jury in this action.

Dated: October 6, 2014

                                                                                                     RESPECTFULLY SUBMITTED,

By: _____
Benjamin H. Crumley, Esq.
Florida Bar No. 018284
Crumley & Wolfe, P.A.
2254 Riverside Avenue
Jacksonville, FL 32204
Phone: (904) 374-0111
Fax: (904) 374-0113
Email: ben@cwbfl.com
Attorney for Plaintiff,
Tiffanie Piasecki